# IN RE DISBARMENT OF NEWTON L. GLOVER.[1]

March 8, 1929.

No. 26,705.

*McNeil V. Seymour,* for state board of law examiners.
*Newton L. Glover,* pro se.

PER CURIAM.

In this application for the discipline of Newton L. Glover, an attorney at law, Honorable Harry A. Johnson, judge of the sixth judicial district, was duly appointed referee to take the evidence and to find the facts in relation to the accusations made. The findings, which are sustained by the evidence, establish these facts:

For some time prior to December 31, 1925, Mr. Glover had as a client Fred Gibson, sometimes known as Fred Nelson. There was talk of a will. Counsel knew of the client's property, which in-

[1]Reported in 223 N. W. 921.

cluded a farm. On said date counsel, with improper intent to benefit therefrom, wrote the following letter to one of the daughters of his client:

"N. L. GLOVER
"Attorney at Law
"Windom, Minn.

"Practice in
"State and Federal Courts           Windom, Minn. Dec. 31, 1925.

"Mrs. Hanna Gibson Myer,
"Barnes, Kansas.

"Dear Madam:

"Presume you have almost forgotten me, for it has been many years since I have talked to you, but I remember you well.

"As you no doubt realize, time has changed every one here, especially your Father, Fred Gibson, or Fred Nelson, as he calls himself.

"He comes to me occasionally, and it is possible and even PROBABLE that I could get him to make a will. He has talked to me about it, but hasn't done it so far. He has three favorites, and I might get him to will it all to any one of these. I know you better than any of the others except Ben, but the way he has been conducting himself, I would rather see you get all of your father's property than he. If you will make a QUIT CLAIM DEED of an undivided ONE-THIRD INTEREST of the farm to me, I will endeavor to get this will, the first chance I get to talk to Fred, and if I don't get the will giving it all to you before say July 1st, 1926, I will return you the quit claim deed.

"I have to have plenty of time and wait until Fred comes UP TO SEE ME OF HIS OWN ACCORD, for he is just as sharp as ever he was, and knows all about what he is doing, never fear. Its a big job, and I am asking a good fee, but its contingent basis, and well worth it to you, if I can accomplish it.

"Don't let any one get hold of this letter, for it might be used against you by the other heirs if they ever saw it. Probably the

best way would be to return it with your reply, then we know it can't harm..

"Write me soon as you can.

"Yours truly,

"N. L. Glover."

In the year 1928 Mr. Glover knowingly and fraudulently aided and abetted Theodore W. Quade, while a bankrupt, in concealing from the trustee in bankruptcy a substantial amount of property ($6,000 in treasury notes) belonging to his estate in bankruptcy; and said Glover knowingly and fraudulently received such property from the bankrupt after the filing of the petition in bankruptcy, with intent to defeat the provisions of the national bankruptcy act.

Counsel's conduct in the bankrupt matter amounts to a felony. 11 USCA, § 52(b), note 22. This is ground for removal. G.. S. 1923, § 5697(A).

The writing of the letter manifested a want of integrity and fidelity. It showed an intention to take an insidious and highly reprehensible advantage of a confiding client. It was a plan wrongly to take from others for himself. He was offering to sell an improper and wrongful service. Such conduct forfeits the high privilege of being a lawyer.

It is ordered that Newton L. Glover be and he is hereby removed from his office of attorney at law in Minnesota, and formal judgment of disbarment will be entered.